**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



*Russ Kendig*
*United States Bankruptcy Judge*

**Dated: 02:44 PM June 5, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

      This case is before the court on U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5, by and through its mortgage servicing agent Select Portfolio Servicing, Inc.'s ("U.S. Bank") motion to vacate the dismissal order entered on February 25, 2019. Debtor opposes the motion. Both parties appeared for a hearing on April 25, 2019. The court provided a deadline for additional briefing which passed and the matter is before the court for decision.

      The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

On March 5, 2004, Debtor obtained a $528,500.00 loan from Encore Credit Corp. ("Encore") and granted a real estate mortgage on 1625 Gully Top Lane, Canfield, Ohio, his residence. The Encore note was subsequently endorsed to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE5. ("LaSalle") (Debtors' (sic) Reply and Objection to Motion to Vacate Dismisal (sic) Order, Exh. A, ECF No. 23) He defaulted in 2005 and LaSalle filed a foreclosure case in the Mahoning County Court of Common Pleas on October 18, 2005, approximately eighteen months after the loan originated. The court entered its foreclosure decree on January 12, 2007.

Debtor filed the instant pro se chapter 13 petition on February 19, 2019. He filed only the documents needed to commence the case. It is undisputed that the filing stopped a foreclosure sale of his residence. Six days after filing, he moved to dismiss and the court granted dismissal the same day. The schedules, Statement of Financial Affairs ("SoFA"), chapter 13 plan, and a host of other documents, were never filed. Debtor made no payments.

U.S. Bank moved to set aside the dismissal on March 27, 2019. In its motion, it alleges that Debtor's most recent bankruptcy filing stopped a foreclosure sale. It contends Debtor is prejudicing creditors and seeks to set aside the dismissal in order to obtain in rem relief.

This is not Debtor's first chapter 13 petition, nor his first pro se case. In 2007, represented by counsel, he filed a skeletal chapter 13 case with his wife. The case was voluntarily dismissed less than two months later, without receipt of the bulk of required documents, including schedules, SoFA, and a chapter 13 plan. Debtors paid $500.00 into the plan, refunded to them upon dismissal.

He filed another individual, pro se chapter 13 case on June 19, 2017 and obtained counsel approximately two months later. Less than three months after filing, the court dismissed the case on Debtor's motion. He did not make any payments into the plan.

In his second case, Debtor valued the residence at $450,000.00. He identified Select Portfolio Servicing, Inc. as the mortgagee, with a claim of $450,000.00[1] against the property. The SoFA indicated two pending actions: the state court foreclosure case dating to 2005 (U.S. Bank v. Ron Smith) and a 2017 FDCPA action in federal district court (Smith v. U.S. Bank).

---

1 The court questions the candor with this figure. The original mortgage was $528,500.00. Debtor defaulted the year after he obtained the mortgage. By the time of the second bankruptcy case in 2017, the property had been subject to a foreclosure case approximately twelve years.

His plan included U.S. Bank as a secured creditor. His plan stated the loan would be paid outside the plan by a non-debtor co-obligor and listed an unknown arrearage amount. U.S. Bank[2] objected to confirmation, asserting its arrearage claim was $693,076.08.[3]

In the second bankruptcy case, Debtor also filed an adversary proceeding against U.S. Bank, a declaratory judgment action seeking to determine whether U.S. Bank was, in fact, the mortgagee entitled to assert a claim against Debtor. Debtor maintained there was a break in the chain of title, leaving U.S. Bank without authority to prosecute an action against him. Debtor voluntarily dismissed the proceeding approximately two months after its commencement.

## DISCUSSION

U.S. Bank brings its motion to vacate the dismissal under Bankruptcy Rule 9024, incorporating Federal Civil Rule 60. It specifically cites Rules 60(b)(3) and (6) in its motion. Under Rule 60(b)(3), the court can set aside the dismissal if it finds "fraud . . ., misrepresentation, or misconduct by an opposing party." Relief under Rule 60(b)(6) is premised on "any other reason that justifies relief." As the party seeking relief, U.S. Bank bears the burden of proof by clear and convincing evidence. Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008).

### I.  Standing

Debtor posits that U.S. Bank did not demonstrate it is the successor in interest to LaSalle Bank National Association, the former mortgagee and plaintiff in the state court foreclosure case. Debtor contests U.S. Bank's right to maintain its motion, arguing U.S. Bank failed to demonstrate it is a party in interest. This argument has been raised by Debtor and his wife for a minimum of eight years, possibly starting with their Motion for Relief from the January 12, 2007 Decree of Foreclosure filed in the foreclosure case on March 16, 2011. See Smith v. U.S. Bank N.A., Case No. 17-41199, Adv. No. 17-4027, ECF No. 6, Exh. 5.

Debtor advances facts and multiple arguments in support of his proposition. Although his reliance on Bankruptcy Rule 5010 is misplaced because the case was not closed,[4] the court will consider his argument as a question of standing. In opposition, U.S. Bank relies on res judicata and the Rooker-Feldman doctrine. It argues Debtor did not succeed on this argument at the state court level and maintains this court cannot review those decisions. The court agrees.

On September 13, 2018, the Seventh Appellate District Court of Appeals of Ohio rejected his argument about U.S. Bank's right to foreclose. (Resp. to Debtor's Objection [to] Motion to

---

2 The objection was brought in the name of U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5.
3 No claim was filed.
4 Dismissal is not identical to closing. Closing is an administrative function generally occurring after an estate is fully administered. Dismissal does not automatically result in immediate case closing.

3

Vacate Dismissal order, Exh. B, ECF. No. 24-2)   Relevant portions of that decision follow:

> In *Smith III*, we affirmed two decisions of the Mahoning County Court of Common Pleas:   a May 10, 2017 judgment entry, summarily overruling Appellants' motion to vacate summary judgment based on fraud as to a decree in foreclosure ("foreclosure order") which had been entered January 12, 1007 . . . .
>
> * * *
>
> {¶9} We underscore, nonetheless, that as Appellants conceded in their Civ.R.60(b) motion and as we explained in *LaSalle Bank Natl. Assn. v. Smith,* 7th Dist. No. 13 MA 148, 2015-Ohio-5597, ¶ 1, they are procedurally barred from asserting LaSalle Bank, N.A's ("LaSalle") lack of standing in a collateral action.   In *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, the Ohio Supreme Court held that a party's lack of standing can be challenged in the course of the foreclosure proceedings themselves [*e.g. Graham, supra*] or on a direct appeal of that judgment, but that *res judicata* bars a party from raising an issue regarding lack of standing in a collateral attack on the final judgment in foreclosure.   *Kuchta* at paragraph two of the syllabus, ¶ 8, 23-25.
>
> {¶10} Further, while "standing is required in order to invoke the jurisdiction of the court over a particular action in foreclosure, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas."   *Kuchta* at ¶ 25.   "[A] court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing."   *Id*. at ¶ 17.   Appellants did not file a direct appeal from the foreclosure order and they may not collaterally attack the foreclosure order on the basis of LaSalle's standing. As a consequence, their reliance on *Graham, supra.*, is unwarranted.
>
> {¶11} Turning to the other issues raised in the application for reconsideration, Appellants' Civ.R. 60(B) motion was based solely on the allegation that U.S. Bank perpetrated a fraud on the court when it misrepresented itself as the real party in interest in this case.   As previously stated, Appellants actually conceded in their motion to vacate that they were foreclosed from challenging the standing of the original plaintiff pursuant to *Kuchta, supra.* (4/26/17 Motion, p. 12.)

Following this decision, Debtor filed a new motion to vacate the foreclosure decree on the basis

that U.S. Bank did not succeed to LaSalle's interest in the mortgage. (Id., Exh. C, ECF 24-3) The Mahoning Court of Common Pleas denied the motion on October 3, 2018, stating "[t]he issues raised by the Defendants have been fully litigated by this Court and the Seventh District Court of Appeals in Case No. 17 MA 93. Accordingly, Defendants' New Motion to Vacate Summary Judgment Pursuant to Civ. R. 60(B)(5) is overruled based on res judicata." (Id., Exh. D, ECF No. 24-4) A separate motion to vacate, based on a suggestion of death theory, was denied by the common pleas court on November 27, 2018, again on res judicata grounds. (Id., Exh. E, ECF No. 24-5)

Debtor's argument that U.S. Bank did not succeed to LaSalle's interest in the mortgage/note/foreclosure decree is a direct challenge to the state court orders. The state court issued a foreclosure decree to LaSalle, U.S. Bank's predecessor. Debtor's challenges to U.S. Bank's standing have been rejected by the common pleas court and a district appellate court. Rooker-Feldman prohibits this court from acting as an appellate court over state court decisions, disallowing "federal district courts from hearing 'cases brought by state-court losers complaining of injuries caused by state-court judgments'" Nathan Hake Farms, LLC v. Simpson (In re Hake), 2019 WL 1941480, * 2 (6th Cir. 2019) (unpublished) (quoting Brent v. Wayne Cty. Dep't of Human Servs., 901 F.3d 656, 674 (6th Cir. 2018) (quotation omitted)). The judgments entered by the state court give U.S. Bank the right to foreclose on Debtor's mortgage. If the court were to consider Debtor's argument that U.S. Bank is not LaSalle's successor, it would be acting as an appellate court sitting in review of the state courts, which it cannot do.

Based on the decisions of the state court, U.S. Bank has authority to prosecute the foreclosure decree. Consequently, it has standing in this court to seek relief from the dismissal order and to pursue in rem relief under 11 U.S.C. § 362(d).

## II. Motion to vacate dismissal

The Bankruptcy Appellate Panel for the Sixth Circuit established the framework for setting aside a default dismissal order, requiring movant to demonstrate the three elements for relief under Rule 7055 as well as one of the elements listed in Rule 60(b). Geberegeorgis v. Gammarino (In re Geberegeorgis), 310 B.R. 61, 67 (B.A.P. 6th Cir. 2004) (citations omitted). In a default context, the court must first look at (1) the prejudice to Debtor if the dismissal is set aside, (2) whether U.S. Bank had a meritorious defense, and (3) whether U.S. Bank's was culpable in the conduct that led to the dismissal. Id.

In this case, the dismissal order was not a true default. Although U.S. Bank did not respond to the motion to dismiss, it was not provided the opportunity because Debtor had the right to voluntarily dismiss his chapter 13 case. 11 U.S.C. § 1307(b). Whether the right is absolute divides courts. In re Marinari, 596 B.R. 809 (Bankr. E.D. Penn. 2019) (highlighting the split of authority). In this circuit, several courts limit a debtor's voluntary dismissal power. In re McCraney, 172 B.R. 868 (N.D. Ohio 1993); In re Cusano, 431 B.R. 726 (B.A.P. 6th Cir. 2010); In re Haddad, 572 B.R. 661 (Bankr. E.D. Mich. 2017).

The premise is recognition that a debtor's bad conduct may warrant a loss of rights. The McCraney court announced "the provisions of § 1307(b) were not meant or intended to vitiate the court's inherent duty to guard against jurisdictional abuse as well as the misuse and manipulation of the bankruptcy process." Id. at 869. The court agrees. There must be a check against providing a debtor an unhampered right to file a case, obtain the benefit of the stay, and then dismiss when opportune, especially when a pattern is apparent. The need to maintain the integrity of the bankruptcy system and prevent abuse outweighs a debtor's absolute right to dismiss. The court will therefore consider whether relief from the dismissal is justified.

To succeed on its 60(b)(3) argument, U.S. Bank must "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." Info-Hold, 538 F.3d 448 (quoting Jordan v. Paccar, Inc.), 1996 WL 528950, *6 (6th Cir. 1996) (unpublished)). In further exposition, the Sixth Circuit defined misconduct under 60(b)(3) as "questionable behavior affecting the fairness of litigation other than statements or the failure to make statements," including "accidents-at least avoidable ones" in the scope of the definition of misconduct. Jordan at *6 (quoting Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)).

U.S. Bank contends that Debtor filed this case to interrupt a scheduled sheriff's sale with no intent to prosecute the case. Multiple facts support this contention. Debtor's residence has been subject of a foreclosure suit since October 18, 2005.[5] Plaintiff in the state court case obtained a judgment entry for foreclosure on January 12, 2007. A sale was set for August 7, 2007. Plaintiff withdrew the sale following Debtor's August 3, 2007 bankruptcy filing. The foreclosure case was stayed multiple times, and multiple notices of sale were issued. Debtor's 2017 bankruptcy, filed on June 19, 2017, stopped a sale scheduled on June 20, 2017. The most recent bankruptcy case, commenced on February 19, 2019, stopped a sale scheduled the same day. The timing of the bankruptcy filings against the sales resolutely indicates Debtor used the bankruptcy filings, specifically the automatic stay, to stop the sales.

This is Debtor's third bankruptcy case over a number of years, all of which have been dismissed prior to confirmation. Debtor paid only $500.00 total to the chapter 13 trustee in the cases, all refunded to him upon dismissal. Consequently, no creditor has benefited from any of the filings. Upon review of the 2017 case, the only case in which Debtor filed schedules and a plan, his ability to confirm a plan is unlikely. He disclosed monthly net income of $3,875.33. Creditor's objection to confirmation in that case indicates the *arrearage* claim is $693,076.08.[6] Over sixty months, this requires payments of $11,551.27 per month, not including any trustee fees or other debt payments. Clearly, feasibility is highly dubious, leaving Debtor's good faith acutely challenged.

Reinstating this case will not immediately prejudice the Debtor, outside the fact he will

---

5 Resp. to Debtor's Objection [to] Motion to Vacate Dismissal order, Exh. A (ECF. No. 24-1). All references to the foreclosure case contained in this paragraph are found in Exhibit A.
6 This suggests the note matured.

be in a chapter 13 case unwillingly. However, his participation will be limited and the reinstatement is for a specific, limited purpose. The real prejudice is not to Debtor, but potentially to other creditors who may be stalled in collection through reinstatement of a case that Debtor does not want in order to allow a single creditor to proceed to obtain relief to which it is legally entitled. However, since Debtor did not file schedules, the court cannot ascertain the number of creditors, or the amount of debt, at issue.

Additionally, U.S. Bank was not culpable in the conduct that led to the dismissal. The dismissal order was entered without notice or a hearing, leaving U.S. Bank without an opportunity to respond.

Considering the above, U.S. Bank clearly and convincingly persuaded the court that Debtor's conduct in filing this case, stopping the sheriff's sale, then dismissing the case with no notice, was unfair, especially in light of the history between the parties and Debtor's pattern of filings. The court will therefore vacate the dismissal order and reinstate the case to allow U.S. Bank to proceed to seek in rem relief promptly.

### III.     Abstention

In a post-hearing brief, Debtor references abstention under 11 U.S.C. § 305(a)(1). That Bankruptcy Code provision allows the court to dismiss or suspend a case when it better serves "the interests of creditors and the debtor." As outlined above, abstention in this case is not in the best interest of U.S. Bank. Debtor cannot expect to use the protection of the bankruptcy system for his gain, only to reject its protections for creditors. The court is reinstating the case for the limited purpose of allowing U.S. Bank to pursue in rem relief. Upon determination, this case will be dismissed, allowing Debtor to continue and pursue any state litigation without the need to seek abstention.

## CONCLUSION

Through a series of rulings, the state court determined that U.S. Bank may pursue the foreclosure of Debtor's residence. The court is unable to review that decision under the Rooker-Feldman doctrine. Consequently, the court finds that U.S. Bank does have standing to seek to vacate the dismissal order and pursue in rem relief.

Although a debtor has the right to voluntarily dismiss a chapter 13 case, the right is not absolute. When the integrity of the bankruptcy system is called into question, the court may exercise its powers to limit a debtor's right to use the system as both sword and shield. The court will therefore vacate the dismissal order and reinstate the case.

An order will be issued immediately.

#    #    #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH   43216-5028