UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In re: | Case No.: 19-40227 |
|---|---|
| **Ronald Joseph Smith** | Chapter 13 |
| Debtor(s). | Judge Russ Kendig |
| | * * * * * * * * * * * * * * * * |
| | **MOTION OF U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE5, ASSET-BACKED CERTIFICATES, SERIES 2004-HE5 FOR RELIEF FROM STAY AND CO-DEBTOR STAY AND IN REM (FIRST MORTGAGE)** |
| | **1625 Gully Top Lane, Canfield, OH 44406** |

U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5 (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, 1301 and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 **and the co-debtor stay imposed by 11 U.S.C. § 1301 with respect to Nancy L. Smith, and for in rem relief pursuant to 11 U.S.C. § 362(d)(4)**.

# MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On March 5, 2004, Ronald J Smith (the "Debtor") obtained a loan from Encore Credit Corp., A California Corporation in the amount of $528,500.00. Such loan was evidenced by an Adjustable Rate Note dated March 5, 2004 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor and Nancy L. Smith (the "Co-Debtor") executed a Security Agreement in favor of Encore Credit Corp., A California Corporation dated March 5, 2004 (the "Security Agreement"). The Security Agreement granted a lien on the real property located at 1625 Gully Top Lane, Canfield, OH 44406 owned by the Debtor and Co-Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

   ☒ attached as Exhibit B;

   OR

   ☐ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:

   ☒ Filing of the Security Agreement in the office of the Mahoning County Recorder on March 15, 2004.

   ☐ Filing of the UCC-1 Financing Statement in the office of _____ _____on <DATE>.

   ☐ Notation of the lien on the Certificate of Title.

   ☐ Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtor's Schedule D, the lien is the first lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion, is Movant.

6. The entity servicing the loan is Select Portfolio Servicing, Inc.

7. The Note was transferred, as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

         ☒ N/A.

         OR

         ☐ By endorsement on the Note, payable to _____.

         OR

         ☐ By blank endorsement on the Note.

         OR

         ☐ By allonge attached to the Note, payable to _____.

         OR

         ☐ By blank allonge, attached to the Note.

         OR

         ☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

19-007666_EJS1

        OR

☐    By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides Movant the authority to endorse the Note: _____

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located from the:

**(1) Encore Credit Corp., A California Corporation to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Scurrilities I LLC Asset Backed Certificates, Series 2004-HE5 as evidenced by the endorsement attached to this Motion as Exhibit A. The endorsement is located on the back of page 5 of the Note.**

**(2) JPMorgan Chase Bank, N.A. Attorney-in-Fact for the Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE5 to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE5 as evidenced by the allonge attached to this Motion as Exhibit A.**

iii. A court has already determined that Movant has the ability to enforce the Note and Security Agreement with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <__>.

iv. Other: _____ [explain].

b. If the Collateral is not real estate (check one):

☒    N/A.

OR

☐    From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

   ☐ N/A.

   OR

   ☒ From Encore Credit Corporation, A California Corporation on March 5, 2004 to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC asset Backed Certificates, Series 2004-HE5. The transfer is evidenced by the document attached to this Motion as Exhibit C.

   From LaSalle Bank National Association, as Trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE5 by Select Portfolio Servicing, Inc. its Attorney In Fact on September 6, 2017 to U.S. Bank NA, successor Trustee to Bank of America, NA, successor in interest to LaSalle Bank National Association, as Trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5. The transfer is evidenced by the document attached to this Motion as Exhibit D.

9. **Select Portfolio Servicing, Inc. services the loan on the property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5 "Noteholder." Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.**

10. The value of the Collateral is $491,530.00. This valuation is based on Mahoning County Auditor's tax record.

11. As of **June 7, 2019**, there is currently due and owing on the Note the outstanding principal balance of $523,565.07, plus interest accruing thereon at the rate of 8.25% per annum ($92.61 per day) from June 1, 2005, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

12. The amount due and owing on the Note as set forth in paragraph 11 does not include a credit for the sum held in a contractual suspense account by the Movant. The amount of the credit is $0.00.

13. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

    ☐ N/A.

    ☒ The Mahoning County Treasurer, for real estate taxes, **in an unknown amount.**

    ☒ Nancy L. Smith.

    ☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE>.

14. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d), **relief from co-debtor stay under § 1301 and in rem relief from the automatic stay under Bankruptcy Code § 362(d)(4)** for these reason(s) (check all that apply):

    ☒ Debtor has failed to provide adequate protection for the lien held by the Movant for **the reasons stated in the boxes checked below**.

    ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

    ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

    ☐ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the months of <STATE EACH MONTH AND

YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtor has no equity in the Collateral, because the Collateral is valued at_____, and including the Movant's lien, there are liens in an aggregate amount of _____ on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☒ Other cause (set forth with specificity): _____.

**Debtor has engaged in a scheme to delay, hinder and defraud creditors that involves multiple bankruptcy filings. The current filing represents the third overall bankruptcy filing and the third bankruptcy filing affecting the Collateral. These serial filings have caused the cancellation of one foreclosure sales. The sequence of events is as follows:**

   a) **Debtor defaulted on the loan in 2005. Movant initiated foreclosure in state court and obtained judgment on January 12, 2007. A Sheriff's sale was set for August 7, 2007.**

   b) **The first bankruptcy affecting the property was Chapter 13 Case No. 07-41884 filed by Debtor and Co-Debtor on August 3, 2007. A copy of the bankruptcy docket is attached as Exhibit E. As a result, the sale set for August 7, 2007 was cancelled.**

   c) **In Debtor's 2007 Chapter 13 bankruptcy, debtor was granted three (3) extensions to file balance of schedules, Chapter 13 Plan, etc. Debtor failed to ever comply with this court's requirements and voluntarily dismissed his case**

on September 21, 2007. Debtor only paid $500.00 into the Plan, which was refunded to him upon dismissal.

d) Movant resumed resumed foreclosure upon dismissal of the bankruptcy. After lengthy litigation, the property was set for sale on June 20, 2017.

e) The second bankruptcy affecting the property was Chapter 13 Case No 17-41199 filed by Debtor on June 19, 2017, the day before sale. A copy of the bankruptcy docket is attached as Exhibit F.

f) Debtor's second bankruptcy filing was filed pro-se. Debtor initiated the filing with only a bare-bones Petition. Counsel was ultimately retained, but Debtor never appeared any of the scheduled meetings of creditors and failed to make a single Plan payment. Debtor filed a Motion to Voluntarily Dismiss on September 7, 2017 and the case was dismissed on September 8, 2017.

g) Foreclosure resumed and the property was ultimately set for sale on February 19, 2019.

h) The sale was withdrawn due to the filing of the within Chapter 13 Case No. 19-40227 by Debtor on February 19, 2019.

i) In the within case, Debtor only filed the documents needed to initiate the case and stop the foreclosure sale. Debtor then moved to dismiss the case six (6) days later, having failed to complete his filings or make a payment.

A review of each of the foregoing cases reveals Debtor's unwillingness to sustain a Chapter 13 plan. In all of his filings, Debtor and Co-Debtor took minimal steps toward prosecuting their cases. For example, debtor has only paid $500.00 to the Chapter 13 Trustee during his three (3) Chapter 13 cases.

**The most recent filing was filed on the day of the sheriff's sale. This series of filings demonstrates an abuse of the protection afforded by the provisions of the Bankruptcy Code. The failure to sustain a chapter 13 plan together with the timing of the filings with respect to the foreclosure sale date evidence the Debtor's scheme to delay, hinder, and defraud creditors under 11 U.S.C. 362(d)(4).**

**Debtor has not shown any changed circumstances that might lead the Court to believe this case will be any more successful than the prior Chapter 13 cases. Based on the foregoing, it is apparent Debtor is not trying to gain a fresh start, but is utilizing the bankruptcy process to hinder Creditor's efforts to sell the Collateral and to avoid fulfilling his obligation to Creditor under the Note and Security Agreement.**

**As further evidence of Debtor's scheme is the fact that the loan in question is delinquent and contractually due in the amount of $809,126.30 for the July 1, 2005 through June 1, 2019 payments. As a result, the totality of the circumstances shows that the Debtor has been filing petitions in bad faith.**

15. Movant has completed the worksheet attached as Exhibit G.

WHEREFORE, Movant prays for an Order from the Court granting Movant relief from the automatic stay of Bankruptcy Code. § 362 **and the Co-Debtor stay of Bankruptcy Code § 1301 with respect to Nancy L. Smith, and in rem relief from the automatic stay under 362(d)(4)** to permit Movant to proceed under applicable nonbankruptcy law.

Respectfully submitted,

/s/ Sarah E. Barngrover

Stephen R. Franks (0075345)
Edward H. Cahill (0088985)
Adam B. Hall (0088234)

John R. Cummins (0036811)
Karina Velter (94781)
Sarah E. Barngrover (28840-64)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Movant
The case attorney for this file is Stephen R. Franks.
Contact email is srfranks@manleydeas.com

19-007666_EJS1

# CERTIFICATE OF SERVICE

      This is to certify that on June 24 , 2019, a true and accurate copy of the foregoing Motion for Relief from Stay and Co-Debtor Stay on First Mortgage for Real Property Located at 1625 Gully Top Lane, Canfield, OH 44406 was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Office of U.S. Trustee, Northern District of Ohio, Party of Interest, (Registered address)@usdoj.gov

    Michael A. Gallo, Chapter 13 Trustee, mgallo@gallotrustee.com

and on the below listed parties by regular U.S. mail, postage prepaid:

    Ronald Joseph Smith and Nancy L. Smith, 1625 Gully Top Lane, Canfield, OH  44406

    Mahoning County Treasurer, 120 Market Street, Youngstown, OH  44503

                                                          /s/ Sarah E. Barngrover