**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:58 PM July 15, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

     Pro se Debtor Ronald Joseph Smith filed a Motion to Alter or Amendment (sic) Judgment on June 14, 2019. He seeks reconsideration of the court's decision on June 5, 2019 vacating dismissal of his case. Also pending are his Motion for Retroactive Leave of Court to Seek Approval for Additional Page Count in Motion to Alter or Amend Judgment and a Motion to Postpone August 1, 2019 Hearing on Motion of U.S. Bank National Association for Relief from Stay. No objections have been received on any of the motions.

     The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

     This opinion is not intended for publication or citation. The availability of this opinion,

1

in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The background set forth in the Court's June 5, 2019 decision are hereby incorporated.

## DISCUSSION

### I. Motion to exceed page limit

Retroactively, Debtor petitions the court for authority to exceed the page limitation imposed by Local Bankruptcy Rule 9013. The motion will be granted.

### II. Motion to alter or amend judgment

Debtor moves for alteration or amendment of the court's judgment under Bankruptcy Rule 9023, the bankruptcy adoption of Federal Civil Rule 59. He contends that the court made errors in law which, if allowed to stand, will create a manifest injustice. Manifest injustice, intervening changes in the law, newly discovered evidence, and correction of errors in the law are four grounds for altering or amending a judgment. Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 837 (6th Cir. 1999)). As the proponent of a change to the judgment, Debtor bears the burden of proof. J & M Salupo Dev. Co., 388 B.R. 795, 805.

#### A. Debtor's differentiation of USBANAI and USBANAII is immaterial

Debtor takes issue with the change in U.S. Bank's identification. At one point, it used "U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, National Association, as Trustee, successor by merger to Lasalle Bank National Association . . ." Debtor points out it now identifies as "U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association . . ." It is a distinction without merit. The difference in the terminology used simply does not have the import Debtor advances. Under both iterations, U.S. Bank maintains its right to succeed to Bank of America and Lasalle's interests.

#### B. U.S. Bank has a pecuniary interest and standing

According to Debtor, this court erred in determining that U.S. Bank had standing to prosecute its motion to vacate voluntary dismissal of his chapter 13 case. He stated "[r]egardless of what the history in the underlying case holds, in no way, shape or form has USBANAII proved to this Court that it had a 'pecuniary interest' at the time it filed its Motion 60B on March 27, 2019, a requirement to invoke the jurisdiction of this Court." (Debtor's M. Alter or Amend, p. 5, ECF No. 36)

2

The record contains a Corporate Assignment of Mortgage, recorded in Mahoning County on October 10, 2017, that gives U.S. Bank a requisite pecuniary interest. (Resp. to Debtor's Objection Motion to Vacate Dismissal, ECF 24-3) In that document, Lasalle Bank National Association, as trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE5 by Select Portfolio Servicing, Inc. it's Attorney in Fact transfers the mortgage to U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the Holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5. The court rejects Debtor's argument.

### III. Motion to postpone preliminary hearing on motion for relief from stay

Debtor asks the court for an additional thirty days after ruling on his motion to alter or amend to address U.S. Bank's pending motion for relief from stay. As grounds, Debtor posits that his motion to alter or amend is meritorious and will likely be granted, rendering the motion for relief moot. As set forth above, the court disagrees. U.S. Bank may prosecute its motion for relief. The motion to postpone is therefore denied.

### CONCLUSION

Although Debtor engages at length in discussion of Rooker-Feldman, res judicata, "commingling of Rules," bad faith and § 1307(b), all of those arguments presuppose the lack of pecuniary interest. The record contains a corporate assignment of mortgage identifying U.S. Bank as the assignee of the mortgage in question. Consequently, no further discussion is required.

Debtor's motion to alter or amend the order vacating his voluntary dismissal is not well-taken and is denied. His motion to exceed the page limitation is granted. His motion to postpone the hearing on relief from stay is denied.

A separate order will be issued immediately.

# # #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH   43216-5028