FILED
U.S. BANKRUPTCY COURT
2019 JUL 23 PM 12: 10
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

# UNITED STATES BANKRUPTCY COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 19-40227 |
| Ronald Joseph Smith ) | |
| ) | **EXPEDITED MOTION** |
| Debtor ) | |
| ) | Chapter 13 |
| ) | |
| ) | **Judge Russ Kendig** |

## DEBTOR'S EXPEDITED MOTION FOR STAY AND SUSPENSION OF PROCEEDINGS PENDING APPEAL

The Debtor hereby moves this Court pursuant to Bankruptcy Rule 8007(a)(1)(A) and respectfully requests that the Court issue of Stay of its Orders issued June 5, 2019 and affirmed on July 15, 2019 due to the filing of a appeal of the Orders filed with the Bankruptcy Appellate Panel today.

In addition, the Debtor requests pursuant to Bankruptcy Rule 8007(a)(D) that further proceedings in the case be suspended for the same reason.

**A preliminary hearing is set in this case for August 1, 2019.** Also, the Debtor's Objection to the Motion is due **July 25** and meeting that deadline will be a challenge for the Debtor if not stayed. Accordingly, an expedited ruling on this motion is requested.

The issues presented on appeal are precisely the same, or closely related to, those to be addressed before this Court in hearing(s) for the Relief from Automatic Stay, namely the factual and legal bases underlying U.S. Bank's proof of claim. The BAP's resolution of the appeal could

1

determine the outcome of the Movant's motion, or, at the very least, provide guidance on the legal and factual issues related to the proof of claim. See attached Motion for Leave of Court for further details. (Exhibit 1).

To avoid the unnecessary expenditure of resources both by the Court and by the parties, the Debtor hereby request that the Orders already issued by this Court to Vacate the Dismissal be stayed, and the further proceedings be suspended pending resolution of the Debtor's appeal.

This motion is made in good faith and not for the purposes of delay.

Respectfully submitted,

Ronald J Smith, *Pro Se*
1625 Gully Top Lane
Canfield, OH 44406
Ronald1625@hotmail.com
330-207-0705

### Certificate of Service

I certify that a copy of the foregoing was served by First Class U.S. Mail on July 23, 2019 upon:

Stephen R. Franks (0075345)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611
Attorney for Movant

Ronald J. Smith
Pro se

UNITED STATES BANKRUPTCY COURT
BANKRUPTCY APPELLATE PANEL FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | )<br>)<br>) Appeal from<br>) Bankruptcy Case No.: 19-40227<br>)<br>) Chapter 13<br>)<br>)<br>) Judge Russ Kendig |
| **Ronald Joseph Smith** | |
| **Debtor** | |

## DEBTOR'S COMBINED MOTION FOR LEAVE TO APPEAL AND FOR AN EXPEDITED BRIEFING SCHEDULE AND EXPEDITED TREATMENT OF THE APPEAL

Now comes Debtor Ronald J. Smith ("Debtor") with a Motion for Leave to Appeal pursuant to Bankruptcy Rules 8004 and 8013 and 28 U.S.C. §158(a)(3). The Debtor has concurrent with this Motion filed a Notice of Appeal and has not elected to have the appeal heard by the District Court.

The Appeal and Leave to Appeal are related to the lower Court's decision of June 5, 2019 and subsequent denial of Debtor's Motion to Alter or Amend the Judgment, signed by the Bankruptcy Court on July 15, 2019.

### CONTENTS PURSUANT RULE 8004(b)(1)

(A) **Facts necessary to understand the questions presented**

1. The Debtor filed a Chapter 13 bankruptcy petition on February 19, 2019.

2. On February 25, 2019, the Debtor filed a motion to dismiss the case.

*Exhibit 1*

1

3. The bankruptcy Court granted the Debtor's motion that same day and dismissed the case on February 25, 2019.

4. On March 27, 2019, U.S. Bank National Association ("USBANA") filed a motion under Civ. Rule 60(b)(3)(6) asking the Court to reverse the dismissal so that it could file a motion for *in rem* relief.

5. On June 5, 2019, the Court granted the Movant's motion[1].

6. On June 14, 2019, the Debtor filed a Motion to Alter or Amend the Judgment.

7. On July 15, 2019, the Court denied the Debtor's Motion to Alter or Amend, stating in conclusion that:

> Although Debtor engages at length in discussion of Rooker-Feldman, res judicata, "commingling of Rules," bad faith and § 1307(b), all of those arguments presuppose the lack of pecuniary interest. The record contains a corporate assignment of mortgage identifying U.S. Bank as the assignee of the mortgage in question. Consequently, no further discussion is required.

**(B)** **The question(s) for the *B.A.P.* Court:**

1. Did the Bankruptcy Court abuse its discretion when it concluded that non-authenticated assignment of mortgage that the Debtor filed in state court two years ago (referred to by the Bankruptcy Court as Resp. to Debtor's Objection Motion to Vacate Dismissal, ECF 24-3) was by itself sufficient to establish a pecuniary interest in this 2019 case?

2. Did the Bankruptcy Court abuse its discretion when it determined that 'no further discussion was required' on the additional issues raised by the Debtor related to "Rooker-Feldman, res judicata, "commingling of Rules," bad faith and § 1307(b)" as a result of the Court's finding that the assignment of mortgage alone conveyed a pecuniary interest?[2]

---

1. U.S. Bank National Association had originally entered the case as "Creditor" but changed to the title of "Movant" in its Response to the Debtor's Opposition.

2. The Court omitted an alleged failure of the Movant to comply with the requirements imposed by Rule 60(b) from its list of additional issues.

2

3. Regardless of whether or not 'further discussion' was warranted regarding § 1307(b) and Civil Rule 60(b)(3)(6), did the Bankruptcy Court abuse its discretion when it granted the Movant's motion to Vacate the Dismissal Order filed by the Court on February 25, 2019?

4. Did the Bankruptcy Court abuse its discretion when it determined without evidence that Bank of America possessed an 'interest' in the Debtor's Mortgage, Note or Debt when it stated that the difference in how U.S. Bank identifies itself is a 'difference without merit' because 'U.S. Bank maintains its right to succeed to Bank of America and Lasalle's interests.'"?

**(C)** **The Relief Sought**

The Debtor requests that the Court reverse Decision of the Bankruptcy Court issued on June 5, 2019 – and subsequent affirmation decision of July 15, 2019 – and instead, deny the Movant's motion to Vacate the Dismissal order granted on February 25, 2019.

**(D)** **Reasons Why Relief Should Be Granted**

1. Case law is well-established that an assignment of mortgage without the transfer of the Note it secures is nothing more than a "worthless piece of paper" and as such fails to convey a 'pecuniary interest' in real property, see *Veal v. Am. Home Mortg. Servicing, Inc.* (In re Veal), 450 B.R. 897.

There is nothing in the record to establish that either the Debtor's specially-endorsed Note or his Debt was legally transferred to the Movant prior to the filing of the Movant's Motion.

2. The Court 'cherry-picked' the assignment of mortgage from a motion that the Debtor submitted related to the assignment of mortgage in state court on September 27, 2018 (ECF 24-3) and omitted from its analysis the Debtor's

3

detailed description of why the assignment of mortgage failed to legally assign the mortgage or transfer the note or debt.

The reason the Debtor submitted the bogus assignment that was filed in the state Court by U.S. Bank was to illustrate that the narrative put forth by the Movant in previous state court proceedings was – and is – demonstrably false because statements claiming standing in the state case were made *prior to the creation* of the assignment. See (ECF 24-3).

Further, as the Court noted in its decision of July 15, 2019, the Movant failed to object to the Debtor's motion to Alter or Amend the Judgment, and as a result, the issue of the validity of the alleged assignment of mortgage was not 'fully and fairly litigated' in the Bankruptcy Court and therefore can hardly be considered the level of 'evidentiary-quality' material required to base its decision on. There was no affidavit, nor power of attorney filed in any Court – state or federal – in support of the alleged assignment.

Ohio Revised Code 1337.04 specifically requires that:

> A power of attorney for the conveyance, mortgage, or
> lease of an interest in real property must be recorded
> in the office of the county recorder of the county in which
> such property is situated, previous to the recording of a
> deed, mortgage, or lease by virtue of such power of
> attorney.

The power of attorney which the document refers to was not recorded 'previous to the recording of' the Mortgage, in direct violation of O.R.C. 1337.04 since the assignment was submitted 'by virtue of a power of attorney'.

In addition, the attorney in fact that allegedly executed the document on September 6, 2017 on behalf of LaSalle Bank engaged in fraud. LaSalle Bank

4

ceased to exist as a corporate entity as of February 4, 2009 as a result of being acquired by Bank of America National Association ("BANA") according to the Illinois Secretary of State.

Ohio Revised Code 1335.04 is clear that an assignment of any interest in lands or tenements must be signed by a person 'lawfully authorized' to sign the document:

> No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.

Further, **Ohio Revised Code 1337.30** (A)(1) is clear that the Power of Attorney cannot survive beyond the life of its principal, in this instance, LaSalle Bank:

> (A) A power of attorney terminates when any of the following occurs:
>
> (1) The principal dies;

As the Servicing Agent on my Mortgage loan since July 2016, Select Portfolio Servicing clearly knew, or should have known, that LaSalle Bank no longer existed having been acquired nearly 10 years earlier.

According to the revised code, **O.R.C. 1335.04** falls under Ohio's 'Statute of Frauds' section. As such, not only is the recording invalid, it is also fraudulent.

5

Further, the alleged assignment was not 'fully and fairly litigated' in the state court either since the Debtor's motion that included the alleged assignment was denied with one paragraph by the state Court judge, also without a reply or hearing involving the Movant. Here is the relevant portion of the Order, filed in the Bankruptcy case by the Movant as ECF 24-4:

> The issues raised by the Defendants have been fully litigated by this Court and the Seventh District Court of Appeals in Case No. 17 MA 93.

However, the assignment of mortgage in question was not *created* until July 12, 2017, which was *months after* litigation in the state Court concluded and *weeks after* the appeal was perfected. In other words, the 'issues raised by the Defendants' referred to the general allegation of fraud and were not – in fact could not have been – related to the assignment itself since it had not yet been created.

The end result is that the specious assignment of mortgage has seeped into this case two years later without ever having put through a trial of any kind and devoid of any supporting documentation.

Accordingly, the Bankruptcy Court abused its discretion when it relied on the unverified document to solely base its decision of July 15, 2019 without evidence, oral argument or briefing on the issue.

3. Even if, *arguendo,* the alleged assignment did in fact convey a pecuniary interest to the Movant – which it did not – the 'additional' issues raised by the Debtor were *not* rendered moot by that finding.

Instead, the Debtor simply listed the issues in the order of standing first since it is a threshold issue, but even once the Court determined that the Movant

6

had standing, that finding has no impact, for example, on whether or not the Movant sufficiently made its case for relief under 60(b)(3)(6).

In a similar way, as a further example, the Court's finding of standing does not then mean that it can *sue sponte* dismiss the Debtor's objection under § 1307(b) when the issues involved in that Rule had not been litigated at all, nor even raised in briefs or at oral argument until the Court injected the Rule into its Order of June 5, 2019.

None of the other issues raised by the Debtor were rendered moot by the Court's finding that the alleged assignment of mortgage conveyed a pecuniary interest to the Movant.

4. The Bankruptcy Court incorrectly accepted the self-serving statement by the Movant that it was the successor of any interest held by Bank of America ("BOA"). There is nothing in the record to support that BOA ever was the holder or owner of the Debtors Mortgage, Note or Debt, and the assignment of mortgage that that the Court used to determine that U.S. Bank has a pecuniary interest clearly shows the assignment of the mortgage allegedly passing from LaSalle Bank directly to U.S. Bank, bypassing BOA in the process.

In addition to there not being evidence that BOA ever had a pecuniary interest in the Debtor's loan, there likewise is no evidence that it was even a servicing agent of the Debtor's loan. The issue was not briefed, nor discussed at oral argument.

5. The entirety of the issues raised by the Debtor must be fully litigated and decided as soon as possible because the underlying bankruptcy is continuing but

is predicated on a series of faulty decisions that impermissibly denied the Debtor's unfettered right to dismiss the case on February 25, 2019.[3]

The longer the underlying case proceeds in error, the more harm will be caused to the Debtor and the more judicial resources will be wasted if the B.A.P. ultimately agrees with the Debtor on the issues raised.

## CONCLUSION

For the reasons stated above, and in the interests of justice, the Debtor respectfully prays that the Court grant this motion for Leave to Appeal, to expedite the schedule and for all other relief to which he is entitled.

---

[3.] The 'unfettered right' to dismiss his case Debtor claims is predicated on the fact that the exceptions provided for in § 1307(b) do not apply in this case, namely, that the case must not have been converted under section 706, 1112, or 1208 of the title.

Respectfully submitted,

*/s/ Ronald J Smith*

Ronald J Smith, *Pro Se*
1625 Gully Top Lane
Canfield, OH 44406
Ronald1625@hotmail.com
330-207-0705

8

## Certificate of Service

I certify that a copy of the foregoing was served by First Class U.S. Mail on July 23, 2019 upon:

Stephen R. Franks (0075345)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611
Attorney for Movant

_____
Ronald J. Smith
Pro se

9

19-40227-tnap    Doc 47    FILED 07/23/19    ENTERED 07/23/19 12:56:06    Page 11 of 11