**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:27 PM August 9, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is pro se Debtor Ronald Joseph Smith's motion for a stay pending appeal. He filed the motion on July 23, 2019 and requests the court suspend further action in his bankruptcy case pending decision of his appeal to the Bankruptcy Appellate Panel. No responses were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

**DISCUSSION**

Generally, an appeal divests the bankruptcy court of jurisdiction over matters related to the appeal. However, under Bankruptcy Rule 8007(a)(1)(A) motions to stay pending appeal must be filed in the bankruptcy court and Rule 8007(e)(1) authorizes a bankruptcy court to decide the motion. In making the determination, a court considers four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

In re Gilbert, 541 B.R. 415, 417 (Bankr. E.D. Mich. 2015) (quoting Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153-54 (6th Cir. 1991)). Debtor bears the burden of proof by a preponderance of the evidence. In re Level Propane Gases, Inc., 304 B.R. 775, 777 (Bankr. N.D. Ohio 2004) (citations omitted). Debtor has argued none of the factors.

**I.     Likelihood Debtor will prevail on appeal**

Debtor appeals the court's decision issued June 5, 2019. In that opinion, the court concluded U.S. Bank NA, successor trustee to Bank of American, NA, successor in interest to LaSalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5, by and through its mortgage servicing agent Select Portfolio Servicing, Inc., had standing to seek to vacate Debtor's voluntary dismissal. The court also found that Debtor's voluntary right to dismiss was not absolute. Debtor sought reconsideration of the court's decision, rejected by this court on July 15, 2019. In reconsidering, the court renounced Debtor's argument that U.S. Bank did not have a pecuniary interest in the matter, pointing to a recorded assignment of mortgage from LaSalle Bank to U.S. Bank NA.

Debtor must demonstrate a likelihood of reversal in order to have this factor tend in his favor. McDermott v. Junk (In re Junk), 533 B.R. 639 (Bankr. S.D. Ohio 2015) (citing Griepentrog, 945 F.2d 150, 153). The court is convinced that obtaining a reversal of U.S. Bank's right to pursue relief is dubitable. The foreclosure case has been pending since 2005. Debtor has filed numerous motions, appealed decisions, and filed separate actions without success. Not one court has decided that U.S. Bank does not have the right to pursue foreclosure of the mortgage. Moreover, there is an assignment of mortgage to U.S. Bank in the record. Debtor is unlikely to succeed in convincing a court that U.S. Bank does not have standing or a pecuniary interest to pursue relief.

Debtor also appeals the court's decision vacating his voluntary dismissal. In an exhibit attached to his motion to stay pending appeal, he references an "unfettered" right to dismiss a

chapter 13 case. There are courts that agree. This court does not, nor have other courts in this circuit, including the very panel to which he appeals. A debtor's misconduct or bad faith provides grounds to fetter voluntary dismissal. Cusano v. Klein (In re Cusano), 431 B.R. 726 (B.A.P. 6th Cir. 2010). The facts in this case are sufficiently grievous to warrant restriction of the right.

## II. Likelihood that the moving party will be irreparably harmed absent a stay

The Sixth Circuit advises the likelihood movant will prevail on appeal is "inversely proportional" to the degree of irreparable harm movant is required to demonstrate. Griepentrog at 153-54. "More of one excuses less of the other." Id. at 153. Three factors drive review of irreparable harm: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided . . . remember[ing] that [t]he key word in this consideration is *irreparable*." Id. at 154 (quotation omitted).

Debtor's motion does not precisely identify the irreparable harm he seeks to prevent by imposition of a stay. He references U.S. Bank's pending motion for relief from stay, an "unnecessary expenditure of resources by both the Court and by the parties," and U.S. Bank's proof of claim. The latter two are unpersuasive. U.S. Bank did not file a claim in this case and no claim issues are involved. And "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Id. at 154 (citing Sampson v. Murray, 415 U.S. 61, 90 (1974) (other citation omitted)). The court will therefore only consider U.S. Bank's pending motion for in rem relief.

If Debtor does not obtain a stay pending appeal, U.S. Bank will continue to prosecute its motion for in rem relief. If granted, it will prevent Debtor from being able to stop a foreclosure sale by filing another bankruptcy petition. This is a substantial injury and, since it is based on the same facts that drove the court's decision to vacate dismissal, is likely to occur. More problematic is whether the harm is irreparable, and the court finds it is not.

The foreclosure is into its fourteenth year. Debtor has no equity in the property. As the court noted in one of its opinions, based on the income figures provided by Debtor, his ability to cure the default through a chapter 13 filing is implausible. The court cannot find irreparable harm will occur by restricting Debtor's access to the bankruptcy system when he cannot avail himself of its relief.

## III. Prospective harm to others

U.S. Bank suffers harm every day. Debtor is in possession of the real estate and not making payments. Interest, insurance, property taxes and legal fees increase the amount owed daily. Imposing a stay pending appeal would result in substantial harm to the mortgagee.

3

### IV. The public interest

This is mainly an issue between a mortgagor and a mortgagee, not a matter involving a substantial public interest save maintaining the integrity of the bankruptcy system. Imposing a stay pending appeal would allow Debtor to further delay determination of whether U.S. Bank is entitled to in rem relief, which partially hinges on his good faith in filing this case. Consequently, there is a modest public interest factor involved.

### **CONCLUSION**

Upon full consideration of the above factors, the court finds against Debtor and declines to impose a stay. Debtor did not demonstrate a likelihood to obtain reversal of the court's previous decisions, nor did he establish irreparable harm. U.S. Bank is likely to suffer substantial harm if the proceedings with continued delay. While minor, the public does have an interest in avoiding abuse of the bankruptcy system.

A separate order denying Debtor's request for a stay pending appeal will be issued immediately.

# # #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH   43216-5028