**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:41 PM September 30, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On June 24, 2019, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5 ("US Bank") filed a motion for relief from the automatic stay and the co-debtor stay and requested *in rem* relief under 11 U.S.C. § 362(d)(4). Debtor filed a lengthy response. The co-debtor, his wife, Nancy L. Smith, did not file a response. The court held a hearing on September 12, 2019. Pro se Debtor Ronald Smith and Stephen Franks, counsel for U.S. Bank, presented arguments.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. §

1

157(b)(2)(G) and the court has authority to enter final orders. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

## FACTS

The court hereby incorporates the facts set forth in its opinions issued on June 5, 2019, July 15, 2019, and August 9, 2019. The court also takes judicial notice of the records in this case and Debtor's previous bankruptcy cases: Case Number 07-41884 and Case Number 17-41199 (including Adv. Proc. 17-4027). The following facts are those most salient to the decision rendered today.

Debtor obtained a $528,500.00 adjustable rate loan from Encore Credit Corp. ("Encore") on March 5, 2004. To secure the note, he and his wife, Nancy L. Smith, granted Encore a mortgage on real estate commonly known as 1625 Gully Top Lane, Canfield, Ohio. Debtor defaulted on the mortgage in 2005 and a foreclosure action was filed by LaSalle Bank National Association ("LaSalle") on October 18, 2005. LaSalle obtained the note through an endorsement from Encore and the mortgage via a mortgage assignment dated March 22, 2004. The state court issued a foreclosure judgment on January 12, 2007. LaSalle assigned the mortgage to US Bank on July 11, 2017. An undated allonge transferred the note to US Bank.

US Bank claims that, as of June 1, 2019, the amount due on the note is $809,126.30. Debtor has never disputed that he signed the mortgage, that he is in default, or contested the amount owed. Rather, he argues that numerous defects in transfers of the mortgage and/or note leave US Bank without authority to exercise legal rights under either instrument.

Debtor did not file schedules or a plan in this case. He made a skeletal filing on February 19, 2019, stopped the pending foreclosure sale, and dismissed the case on February 25, 2019. In the Schedule I filed in the 2017 case, Debtor stated his monthly net income is $3,875.33 per month.[1] According to the Statement of Financial Affairs, he had earned $27,121.21 through his June 19, 2017 filing. He disclosed income totaling $46,503.96 in 2016 and $46,503.96 in 2015. The underlying mortgage loan called for payments of $3,970.45 per month.

## DISCUSSION

US Bank moves for relief from stay from the stay and co-debtor stay, plus seeks additional *in rem* relief under 11 U.S.C. § 362(d)(4)(B). If granted, *in rem* relief from stay will be binding in any future cases involving the real estate for two years.

The court previously determined that US Bank is a party in interest and therefore has the right to pursue relief from stay and the co-debtor stay. US Bank established cause for granting

---

1 The underlying mortgage loan called for payments of $3,970.45 per month.

2

19-40227-rk    Doc 67    FILED 09/30/19    ENTERED 09/30/19 16:45:33    Page 2 of 5

relief. Its interest in the property is not, and has not been, adequately protected. The state court docket indicates that the property appraised for $491,000.00 on or about December 14, 2018. US Bank is owed in excess of $800,000.00. Debtor's income is approximately $4,000.00 per month, an amount clearly insufficient to address the debt over the course of the maximum five year chapter 13 repayment plan. Movant has demonstrated cause for lifting the stay.

On the same basis, the court finds grounds to grant relief from the co-debtor stay. Although she is not obligated on the underlying mortgage note, Debtor's wife, Nancy L. Smith, signed the mortgage. She was served with the motion for relief and did not oppose it. Because Debtor's income does not support repayment of the debt in a chapter 13 plan, the creditor is entitled to relief under 11 U.S.C. § 1301(c)(2). Further, creditor's interest is subject to irreparable harm because no payments are being made and the real estate is valued far below the amount owed, entitling creditor to relief under 11 U.S.C. § 1301(c)(3). The court must now consider whether movant is entitled to the additional *in rem* relief.

*In rem* relief requires US Bank to show that Debtor's bankruptcy filing "was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4). "A bankruptcy court can 'infer an intent to hinder, delay, and defraud creditors from the facts of serial filings alone' without holding an evidentiary hearing." In re GEL, LLC, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012) (citations omitted). Debtor's history of bankruptcy filings manifest an intent to hinder or delay.

This is Debtor's third bankruptcy filing, all of which stopped a foreclosure sale. His first case, number 07-41884 filed on August 3, 2007 with his wife, stopped a sale scheduled on August 7, 2007. This is not a misprint. Debtor filed to stop foreclosure on this same house in 2007. The debtors never filed schedules, a plan, and other required documents. They paid $500.00 to the chapter 13 trustee, which he refunded upon the voluntary dismissal less than two months after the case was filed.

Debtor's second case, an individual case filed on June 19, 2017, stopped a foreclosure sale scheduled on June 20, 2019. While this case lasted almost three months before voluntary dismissal, and contains schedules, *Debtor did not make any plan payments.*

Debtor's third case followed a similar trajectory. He filed a skeletal petition on February 19, 2019, interrupting the February 19, 2019 foreclosure sale. He did not file schedules or a plan. He did not make any payments. *Six days after filing*, he voluntarily dismissed the case.

Three chapter 13 cases over the course of twelve years that lasted less than six months. Each one stopped a scheduled sheriff's sale. And not one penny was paid to any creditors, let alone the mortgagee. Moreover, Debtor does not have sufficient regular income to address an $800,000.00 mortgage debt. US Bank met its burden of proof that Debtor's filing was an intent to delay or hinder its efforts to collect the amount it is owed and is entitled to relief from stay and the imposition of *in rem* relief under 11 U.S.C. § 362(d).

3

Debtor makes several arguments that US Bank is not the successor to LaSalle's interest in the note and mortgage, leaving it without authority to seek relief from stay, to vacate his voluntary dismissal or to pursue state court foreclosure. His allegations mainly focus on numerous defects in the documents transferring the note and mortgage. Debtor's years of litigation in the state court, including appeals, have not assailed the foreclosure judgment yet Debtor continues to challenge the state court decisions allowing US Bank to prosecute the foreclosure judgment. Since these decisions are the source of Debtor's injury, the Rooker-Feldman doctrine leaves this court unable to review the state court foreclosure judgment or the decisions refusing to overturn or modify it. Isaacs v. DBI-ASG Coinvestor Fund, III, LLC (In re Isaacs), 895 F.3d 904 (6th Cir. 2018).

The court also finds separate grounds for relief. Debtor's previous filings do not evidence a sincere attempt to use chapter 13 for its intended purposes, nor do the facts indicate he has the ability to do so.

> The goal of Chapter 13 is financial rehabilitation and a fresh start for the debtor. See In re Bell, 700 F.2d at 1057; In re Pendlebury, 94 B.R. 120, 125 (Bankr. E.D. Tenn. 1988). Chapter 13 attempts to balance the interests of debtors and creditors by allowing debtors with regular income to adjust their debts through extension and/or composition plans funded out of future income while retaining existing assets with creditors receiving payments over time from such future income.

Liberty Nat'l Bank and Tr. Co. of Louisville v. Burba (In re Burba), 42 F.3d 1388, *17 (6th Cir. 1994) (unpublished) (citations omitted). A debtor whose files a case without any underlying bankruptcy purpose is not entitled to the benefit of the stay.

> The provisions of the Bankruptcy Code, such as the automatic stay, are to be invoked only after a case has been filed with a legitimate bankruptcy purpose. NMSBPCSLDHB v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.), 384 F.3d 108, 127 (3d Cir. 2004). The automatic stay is not the *raison d'etre* for a filing and the desire to take advantage of it is not a valid justification for filing a bankruptcy case.

In re Bailey, 321 B.R. 169, fn 19 (Bankr. E.D. Penn. 2005).

When a debtor's actions are "consistently inconsistent with the purposes of the Bankruptcy Code," a court can limit stay protection. Freeman v. California Franchise Tax Bd., 2019 WL 3412938, *9 (N.D. Cal. 2019); *see also* In re Spaulding Composites Co., 207 B.R. 899, 908 (B.A.P. 9th Cir. 1997) (stating "the automatic stay provisions should be construed no more expansively than is necessary to effectuate Legislative purpose." (citation omitted)); In re

4

Jackson, 2018 WL 5260721 (Bankr. N.D. Cal. 2018) ("the automatic stay is merely a tool to achieve a cognizable bankruptcy purpose, it is not an end in itself"). Lack of a bankruptcy purpose is grounds to impose or narrow the scope of the automatic stay. Rodarte v. Estates at Monarch Cove Cmty. Ass'n (In re Rodarte), 2012 WL 6052046 (B.A.P. 9th Cir. 2012) (unpublished); In re Edwards, 2013 WL 2317589 (Bankr. N.D. Ga. 2013) (unpublished); In re St. Francis of Assisi Cat Rescue, Inc., 2011 WL 2976858 (Bankr. D. Md. 2011). Additionally, improper motives, including use of a filing merely to halt pending litigation, constitute "an abuse of the bankruptcy process." In re Enmon, 2013 WL 494049, *5 (Bankr. E.D. Tex. 2013) (unpublished). Debtor lacked candor in filing this case. It was used to stop pending state court litigation, not as a genuine effort to reorganize his financial affairs. Consequently, the court finds separate grounds both to grant relief from the automatic stay, the co-debtor stay and to impose *in rem* relief.

US Bank's motion for relief from stay will be granted by separate order which will be issued contemporaneously with this decision.

# # #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Nancy L. Smith
1625 Gully Top Lane
Canfield, OH 44406