**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:54 PM November 1, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

     Now before the court is Debtor's Motion to Alter or Amend Judgment Granting Relief from Automatic Stay and to Impose *In Rem* Relief, filed on October 10, 2019. No objections were filed. For the reasons set forth below, the motion is denied.

     The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The court hereby incorporates the facts set forth in its September 30, 2019 opinion and the facts referenced therein.

## DISCUSSION

Citing Bankruptcy Rule 9023, which incorporates Federal Civil Rule 59 into bankruptcy practice, Debtor moves the court to alter or amend its September 30, 2019 judgment granting relief from stay and imposing *in rem* relief. According to Debtor, he is entitled to relief because the court made clear errors of law and correction is necessary to prevent a manifest injustice. Both are grounds for altering or amending a judgment. Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 837 (6th Cir. 1999)). As the proponent of alteration or amendment, Debtor bears the burden of proof. J & M Salupo Dev. Co., 388 B.R. at 805.

Debtor claims the court misinterpreted Isaacs v. DBG-ASG Coinvestor Fund, III, LLC (In re Isaacs), resulting in erroneous application of the Rooker Feldman doctrine. His arguments all circle around one theme: US Bank is not entitled to pursue relief in this court and enforce the state court foreclosure judgment because the documents linking US Bank to the original plaintiff/judgment creditor are deficient. Debtor's problem is that he presented this argument to the state court and it was rejected. (Resp. to Debtor's Obj. to Vacate Dism. Order, Exh. B, ECF No. 24-2.) On September 13, 2018, the Ohio Seventh App. District Court rejected arguments that US Bank misrepresented its role in the state court proceedings and found that Debtor and his wife failed to prove fraud by US Bank. On September 27, 2018, Debtor filed a New Motion to Vacate Summary Judgment Pursuant to Civ. R. 60(b)(5) in the foreclosure action, maintaining his argument that "Plaintiff's (sic) lack the right to enforce any contract or judgment per Ohio law." (Id. Exh. C, p. 20, ECF No. 24-3.) The Mahoning County Court of Common Pleas denied the motion on October 3, 2018. (Id., Exh. D, ECF No. 24-4.)

If the court were to accept Debtor's argument that US Bank was not entitled to pursue foreclosure, it would upset the foreclosure judgment and the subsequent judgments upholding it. The state courts consistently upheld US Bank's right to pursue foreclosure. Contrary to Debtor's contentions, accepting his arguments requires this court to reconsider the decisions of the state court and find US Bank cannot pursue foreclosure, an impermissible overreach by this court. Lunn v. WestVue NPL Tr. II (In re Lunn), 2016 WL 5349726, *7 (Bankr. W.D.N.Y. 2016) (citing several cases for the proposition that Rooker Feldman extends to matters that are "inextricably intertwined" with the state court judgment). Debtor's argument that Rooker Feldman is inapplicable must therefore fail.

Debtor persistently challenges the allonge to the note. For several reasons, his arguments regarding the allonge are not well-taken or immaterial. First, Debtor does not have standing to challenge transfer of the note and/or mortgage.

2

> "[A] defendant borrower in a foreclosure action lack[s] standing
> to challenge the validity of an assignment of a note and mortgage the
> borrower had executed where no dispute existed as to the fact that the
> borrower had defaulted on her payment obligations." See JPMorgan
> Chase Bank, N.A. v. Romine, 10th Dist. Franklin No. 13AP-58, 2013-
> Ohio-4212, 2013 WL 5435639, ¶ 16, citing LSF6 Mercury REO Invs.
> Tr. Series 2008-1 v. Locke, 10th Dist. Franklin No. 11AP-757, 2012-
> Ohio-4499, 2012 WL 4502457, ¶ 29 ("The assignee bank filed the
> foreclosure complaint based on the homeowners' default under the
> note and mortgage, not because of the mortgage assignments, and the
> homeowners' default exposed them to foreclosure regardless of which
> party actually proceeded with foreclosure"), appeal not allowed, 134
> Ohio St.3d 1470, 2013-Ohio-553, 983 N.E.2d 369; see also Bank of
> New York Mellon v. Froimson, 8th Dist. Cuyahoga No. 99443, 2013-
> Ohio-5574, 2013 WL 6730796, ¶ 18, and cases cited therein ("the legal
> principle applied * * *--that a debtor may not challenge a mortgage
> assignment between an assignor and an assignee because the debtor is
> not a party to the assignment—has been applied in foreclosure actions
> in this district and other courts applying Ohio law").

Bank of NY Mellon v. Bobo, 50 N.E.3d 229, 235 (Ohio App. 4th Dist. 2015); see also Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F.App'x 97, 102 (6th Cir. 2010) (unpublished).

The foreclosure judgment was an adjudication of Debtor's default and the plaintiff's right to proceed to a sale. The plaintiff's transfer of the note and/or mortgage after the judgment does not affect Debtor's interest(s).

> To the extent that Plaintiff may be challenging any of the assignments
> of the mortgage which occurred after the foreclosure judgment, she
> would lack standing to do so. She cannot demonstrate any injury or
> harm sustained by her on account of those transfers. Any interest that
> might have been adversely affected in those transfers would involve
> the mortgage companies inter se and not the Plaintiff. See Potoszny
> v. Aurora Loan Servs., LLC, 33 F.Supp.3d 554, 556 n. 18 (E.D. Pa.
> 2014) ("Mortgagor did not suffer any injury in fact as a result of a
> mortgage lender's assignment of their mortgage, and thus lacked
> Article III standing to bring action seeking declaratory judgment
> that assignee did not own his loan).

Stephens v. Nationstar Mortg. LLC (In re Stephens), 2016 WL 1050950, at *3 n.6 (Bankr. E.D. Pa. 2016). See also Harris v. Bayview Loan Serv. (In re Harris), 2016 WL 6649152 (Bankr. M.D.N.C. 2016) (finding that North Carolina statutes did not prevent post-foreclosure judgment assignments of a mortgage).

Second, his position fails to acknowledge a foreclosure judgment is twofold, a judgment for money for Debtor's personal liability on the note and a decree for sale of the real estate. Odell v. Firestone, 1923 WL 2566 (Ohio App. 9 Dist. 1923). The judgment fixed Debtor's liability on the note. The note was merged into the foreclosure judgment. In re Schwartz, 77 B.R. 177, 180 (Bankr. S.D. Ohio 1987) (citation omitted). "When a note is reduced to judgment, the underlying note is extinguished and the obligation is merged in the judgment." Findlay Prop., Inc. v. Ohio Sav. Bank, 1997 WL 13764, at *3 (Ohio App. 3d Dist. 1997) (citing Merchants Fin. Co. v. Goldweber, 138 Ohio St. 474 (1941)). The judgment provides a basis for US Bank to proceed irrespective of the note, making the allonge immaterial.

Moreover, the judgment does not destroy the mortgage lien. Huntington Nat'l Bank v. McClain, 1987 WL 32158 (Ohio App. 3rd Dist. 1987) (citing Atlantic & G.W.R. Co. v. Phillips (1879), 7 Ohio Dec. Rep. 591).

> That the note became merged in the judgment, which was a higher form of the same debt, is clear enough upon both principle and authority. But it is not made to appear how it could affect the lien of the mortgage, which, according to the established view in this state, is only a security for the debt. Why should not that which was a security before the recovery of judgment be a security after it?

Green v. Bass, 83 Ohio St. 378, 384 (1911); see also Sun Fin. & Loan Co. v. Hadlock, 171 Ohio St. 89, 90-91 (1960). Following judgment, US Bank obtained the mortgage via an assignment.

> An assignment is a transfer of property or of some right or interest from one person to another which causes to vest in another his or her right of property or interest in property. Aetna Cas. & Sur. Co. v. Hensgen (1970), 22 Ohio St.2d 83, paragraph three of the syllabus. An unqualified assignment transfers to the assignee all the interest of the assignor in and to the thing assigned. Pancoast v. Ruffin (1824), 1 Ohio 381. An assignee "stands in the shoes of the assignor * * * and succeeds to all the rights and remedies of the latter." Inter Ins. Exchange v. Wagstaff (1945), 144 Ohio St. 457.

Siebert v. Columbus & Franklin Cty. Metro. Park Dist., 2000 WL 1877585, at *3 (Ohio App. 10th Dist. 2000).

Debtor's challenge to the assignment was checked by the state court. (Id., Exh. C and D, ECF No. 24-3 and 24-4) "Under Ohio law, possession of either the note or the mortgage gives a party standing to foreclose." Clark v. Lender Processing Serv., 562 F.App'x 460, 466 (6th Cir. 2014) (unpublished) (citing CitiMortgage, Inc. v. Patterson, 984 N.E.2d 392, 397-98 (Ohio Ct. App. 2012)). The assignment provides proof of US Bank's authority and interest in the mortgage and foreclosure litigation.[1]

---

[1] The court also notes that, at the time of the foreclosure judgment, the plaintiff was identified as LaSalle Bank

4

The court finds no clear error of law in its September 30, 2019 decision, nor does the decision create a manifest injustice. Debtor's motion will be denied by a separate order to be directly issued.

#   #   #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028

---

National Association, As Trustee for Certificate Holders of Bear Stearns Asset-Backed Securities LLC Asset-Backed Certificates, Series 2004-HE5.  Smith v. US Bank Nat'l Ass'n (In re Smith), Adv. No. 17-4027 (M. Dism. Adv. Proc., Exh. 4, ECF No. 6.)   At some point, it appears that U.S. Bank, N.A. was substituted as plaintiff by the state court.   (Resp. to Debtor's Obj. to M. to Vacate Dism. Order, Exh. E, ECF 24-5.)

5

19-40227-rk    Doc 76    FILED 11/01/19    ENTERED 11/01/19 16:13:09    Page 5 of 5