**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 12:42 PM December 24, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is pro se Debtor Ronald Joseph Smith's expedited motion for a stay pending appeal. He filed the motion on December 12, 2019. No responses have been filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

The court hereby incorporates by reference its previous recitations of fact and law

1

contained in its decisions dated June 5, 2019, July 15, 2019, August 9, 2019, September 30, 2019 and November 1, 2019.

Debtor seeks a stay pending appeal pursuant to Bankruptcy Rule 8007. The court considers four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

In re Gilbert, 541 B.R. 415, 417 (Bankr. E.D. Mich. 2015) (quoting Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153-54 (6th Cir. 1991)). Debtor bears the burden of proof by a preponderance of the evidence. In re Level Propane Gases, Inc., 304 B.R. 775, 777 (Bankr. N.D. Ohio 2004) (citations omitted).

### I. Likelihood Debtor will prevail on appeal

#### A. Debtor does not have an absolute right to dismiss his case.

Debtor argues he had an absolute right to dismiss his case. He cites the Sixth Circuit case Liberty Nat'l Bank & Tr. Co. v. Burba (In re Burba), 42 F.3d 1388 (6th Cir. 1994) (unpublished). The court finds Burba unpersuasive. It concerns the redemption value of a vehicle upon conversion from chapter 13 to chapter 7. A debtor's right to dismiss was not at issue in the case, making the cited reference to 11 U.S.C. § 1307(b) dicta in an unpublished opinion. The case relied on by this court, Cusano v. Klein (In re Cusano), 431 B.R. 726 (B.A.P. 6th Cir. 2010), addressed the issue directly. Further, the very court in which Debtor's appeal is pending supports limitation of a debtor's chapter 13 dismissal power for bad faith:

> It is axiomatic that the provisions of § 1307(b) were not meant or intended to vitiate the court's inherent duty to guard against jurisdictional abuse as well as the misuse and manipulation of the bankruptcy process.

In re McCraney, 172 B.R. 868, 869 (N.D. Ohio 1993) (citing In re Jacobs, 43 B.R. 971, 974-75 (Bankr. E.D.N.Y. 1984)). Relying on McCraney, the court finds that Debtor is unlikely to prevail on appeal that he had an absolute right to dismiss his case.

#### B. The court's decision to grant US Bank's motion to set aside the dismissal was based on Debtor's misconduct, a permissible ground for relief.

Rule 60(b)(3) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party." The court's decision to grant US Bank relief from the dismissal order was predicated on Debtor's misconduct. Debtor's argument concerning fraud as the basis for the court's decision is not well taken.

### C. What happened in state court stays in state court.

The court has repeatedly rejected Debtor's position that this court has the authority to review the state court proceedings in the foreclosure case. Debtor argues that the issue of the validity of the mortgage assignment was never fully and fairly litigated in state court. His argument relies on estoppel doctrines. The court's inability to review the state court action is jurisdictional. It simply does not have the authority to make the inquiry Debtor seeks.

### D. Debtor was afforded due process.

Debtor's due process rights were not violated. He had notice of all proceedings and was given ample and adequate opportunity to respond. This court has fully and repeatedly considered his germane arguments. While Debtor wants to argue the validity of the 2017 mortgage assignment, the court's conclusions of law deem this unnecessary.

Debtor suggests that US Bank's non-participation prejudiced him. The court disagrees. US Bank presented its position in the motion to vacate the dismissal order and its motion for relief from stay. Debtor had the opportunity to respond to both. From there, Debtor has driven the bus, filing numerous motions. US Bank's nonparticipation does not alleviate Debtor's burden of proof or persuasion for the relief he seeks. Nor does it alleviate this court's duty to examine and decide the arguments advanced by Debtor.

## II. Likelihood that the moving party will be irreparably harmed absent a stay

### A. Debtor will not suffer irreparable harm.

The likelihood movant will prevail on appeal is "inversely proportional" to the degree of irreparable harm movant is required to demonstrate. Griepentrog at 153-54. "More of one excuses less of the other." Id. at 153. Since the court found Debtor is not likely to prevail on appeal, Debtor must make a strong showing of irreparable harm. Three factors drive review of irreparable harm: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided . . . remember[ing] that [t]he key word in this consideration is *irreparable*." Id. at 154 (quotation omitted).

Debtor argues that he will suffer irreparable harm if the court does not grant the stay because his home is subject to an imminent foreclosure sale. However, Debtor himself exposes an error in his argument on page fourteen of his motion: he is not seeking to overturn the foreclosure judgment that provides the basis for that action (Debtor's emphasis). Even he admits the validity of the foreclosure judgment declaring him in default on a mortgage note against his residence. Since the order of sale is based on that undisputed judgment, the court

does not see irreparable injury by allowing the sale to proceed.

Debtor's premise is that the mortgage chain is broken, leaving no one with the right to pursue the foreclosure action or collect on the debt. He never argues that he can pay the debt. He never argues he does not owe the underlying debt. Debtor's admitted end game is to circumvent the underlying mortgage obligation. His own actions and words unmask his true motivations and disclose his unclean hands. He used a skeletal bankruptcy filing to stop the foreclosure sale, then immediately dismissed the case. He did not come to this court seeking the true protection of its law or procedure, or with a desire to deal fairly with his creditors. He did not plan to pursue this case, to flesh out the issues, or to enter into a repayment plan. His failure to file documents and immediate dismissal clearly manifest his true intent.

Now, faced with the imposition of in rem relief, he cries foul. He claims "[b]ut for the improper actions of this court, the Debtor would be able to either stop the sale through another Chapter 13 filing or, in the alternative, the sale would not be allowed to occur if the automatic stay had not been lifted." (Exp. Motion for Stay Pending Appeal, p. 18, ECF # 85) The former statement clearly displays his reasons for filing bankruptcy. The latter statement fails to recognize that, upon dismissal, the automatic stay terminates. 11 U.S.C. § 362(c)(2)(B). If Debtor's dismissal had been upheld, the automatic stay would have terminated well before US Bank was granted relief.

The court holds to its prior finding that the harm is not irreparable. The foreclosure is into its fourteenth year. Debtor does not challenge the foreclosure judgment. He has no equity in the property. Debtor's ability to cure the default through a chapter 13 filing is implausible. He admits he has no intention to pay the debt. The court cannot find irreparable harm will occur by restricting Debtor's access to the bankruptcy system when he cannot, and has no desire, to avail himself of its relief.

### III. Prospective harm to others

According to Debtor, the court was wrong when it concluded that U.S. Bank suffers harm every day because, as trustee, U.S. Bank does not have a financial interest subject to harm. This ignores the fiduciary duties imposed on U.S. Bank and its obligation to act on behalf of its client. Harm is occurring to another. Debtor is in possession of the real estate and not making payments. Interest, insurance, property taxes and legal fees increase the amount owed daily. Imposing a stay pending appeal would result in substantial harm to the mortgagee.

### IV. The public interest

There is no public interest in allowing an individual to use the bankruptcy system to grind a state foreclosure action to a halt, then dismiss the bankruptcy case. As previously stated, Debtor did not come to this court with the goal of adjusting the debtor-creditor relationship. The public interest is well served by protecting the integrity of the bankruptcy system from misuse and manipulation.

4

## CONCLUSION

Upon full consideration of the above factors, the court finds against Debtor and declines to impose a stay. Debtor did not demonstrate a likelihood to obtain reversal of the court's previous decisions, nor did he establish irreparable harm. Other entities are likely to suffer substantial harm if the proceedings are further delayed. The public has an interest in avoiding abuse of the bankruptcy system.

A separate order denying Debtor's request for a stay pending appeal will be issued immediately.

#     #     #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH   43216-5028