**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 04:35 PM January 29, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD JOSEPH SMITH, | ) | CASE NO. 19-40227 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On January 7, 2020, Debtor filed an Expedited Motion to Alter or Amend Judgment. Relying on Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Civil Rule 59 into bankruptcy practice, Debtor asks the court to alter or amend its decision denying his expedited request for a stay pending appeal. The motion is denied.

Debtor continues to argue he had an absolute right to dismiss his case. Whether he is right or wrong ignores the bigger issue: the mortgage company's in rem relief. Regardless of whether dismissal was appropriate, in rem relief is clearly appropriate, creating Debtor's fundamental problem.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper. The following constitutes the

court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

To the extent not otherwise contained herein, the court incorporates by reference its previous recitations of fact and law contained in its decisions dated June 5, 2019, July 15, 2019, August 9, 2019, September 30, 2019, November 1, 2019 and December 24, 2019. The following is a brief recitation of the pertinent facts.

Debtor, acting pro se, filed a skeletal chapter 13 case on February 19, 2019, providing only the most basic forms necessary to initiate a case. Documents he did not file include, but are not limited to, Schedules A/B – J, Statement of Financial Affairs, Chapter 13 Statement of Current Monthly Income, Chapter 13 Plan, Employee Income Records, Summary of Assets and Liabilities, and the Declaration Concerning Debtor's Schedules. He paid $20.00 of the $310.00 filing fee and requested authority to pay the balance of the filing fee in installments, which the court granted. As a result of filing the case, Debtor obtained the benefit of the automatic stay under 11 U.S.C. § 362. This stopped a foreclosure sale of Debtor's home scheduled on the same day of the bankruptcy filing.

Six days after filing, Debtor moved to voluntarily dismiss his case. The court summarily granted his motion on the same day.

On March 27, 2019, U.S. Bank National Association ("US Bank") moved to vacate the dismissal. US Bank is the entity pursuing foreclosure in state court. Its motion alleged that Debtor's bankruptcy filing was an attempt by Debtor to delay and hinder the state court foreclosure action. It sought reinstatement with the intent to file a motion for in rem relief. Debtor opposed the motion. The court granted US Bank's motion on June 5, 2019 and reinstated Debtor's case.

Once vacated, US Bank filed a motion for relief from stay and sought *in rem* relief against the property, which the court granted on September 30, 2019.[1] Debtor filed a motion to alter or amend the judgment, which the court denied on November 1, 2019. He thereafter appealed and elected to have the matter heard by district court. Subsequently, he requested a stay pending appeal, which the court denied on December 24, 2019. He filed the present motion for reconsideration on January 7, 2020.

---

1 Debtor filed various motions in the interim period, including a motion to alter/amend the judgment and a request for a stay pending appeal. He also filed an appeal, dismissed by the Bankruptcy Appellate Panel on September 10, 2019.

2

# DISCUSSION

According to Debtor, "[t]he Court's decision to deny the Debtor's expedited motion for stay pending appeal is predicated on a series of errors of law and mistakes of fact that if allowed to stand, will lead to 'manifest injustice' in this case." He cites nine errors of law. A clear error of law would provide a basis for alteration/amendment of the court's decision. Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 837 (6th Cir. 1999)). The decision whether to grant or deny a Rule 59 motion is within the discretion of the court. Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). As the proponent of alteration or amendment, Debtor bears the burden of proof. J & M Salupo Dev. Co., 388 B.R. 795, 805. Debtor did not meet his burden. Debtor continues to rehash the same arguments that have been considered and rejected by this court.

### I. Even if Debtor's right to dismiss is absolute, the court has authority to sanction Debtor for bad faith, leading to the same outcome.

Debtor again contends that he has an absolute right to dismiss his case, now citing In re Marinari, 610 B.R. 87 (E.D. Penn. 2019). The premise of Debtor's argument is that the use of the word "shall" imposes a mandatory obligation on the court to voluntarily dismiss a case. Coupled with the Supreme Court's decision in Law v. Siegel, 571 U.S. 415, 421 (2014), which limits a court's ability to use its equitable powers to distort a specific statutory provision of the Bankruptcy Code, Debtor argues the court was wrong to allow reinstatement of his case. As set forth in previous opinions, the court disagrees. Even if he is correct, it does not alter the outcome.

First, the court cannot now reconsider its decision that the right to dismiss is not absolute. The Divestiture Rule prevents this court from a reexamination of an issue on appeal.

> In the bankruptcy context, some general principles have emerged regarding the exact boundaries of divestiture of jurisdiction by pending appeals. Courts have consistently held that a bankruptcy court lacks jurisdiction to vacate or modify an order which is the subject of a pending appeal. Courts have also consistently held that if an issue is raised on appeal, a bankruptcy court cannot reconsider that issue even in the context of another Order.

In re Licking River Mining, LLC, 535 B.R. 731, 738-39 (Bankr. E.D. Ky. 2015) (citing Kates v. Fox, Rothschild, O'Brien, Frankel (In re Mazzocone), 1995 WL 113110, * 4 (E.D. Penn. 1995)). The court's conclusion that Debtor did not have an absolute right to dismiss cannot be disturbed by this court.

Moreover, contrary to Debtor's suggestion, the court *can* find post-Siegel cases that find the right to dismiss is *not* absolute. In re Pustejovsky, 577 B.R. 671 (Bankr. W.D. Tex. 2017);

Saris Realty, Inc. v. Bartlett (In re Bartlett), 2018 WL 3468832 (B.A.P. 9th Cir. 2018); In re Smith, 530 B.R. 327 (Bankr. S.D. Miss. 2015); In re Scott, 2017 WL 2802714 (Bankr. S.D. Fla. 2017); In re Allman, 2018 WL 1320152 (Bankr. M.D. Tenn. 2018); In re Grigsby, 2019 WL 1220930 (Bankr. W.D. La. 2019).

Additionally, Debtor fails to acknowledge that courts that do find an absolute right to dismiss still allow a bankruptcy court to exercise its equitable powers to sanction bad conduct. In Marinari, the court dismissed with the condition that if the debtor filed another case within two years, the creditor's pending adversary proceeding would resume at the same point it was when the case was dismissed. As other examples:

1. "If a debtor commits sanctionable wrongdoing in the course of the case, the court has many means of addressing that other than forced liquidation premised on a shaky legal foundation." In re Mills, 539 B.R. 879 (Bankr. D. Kan. 2015)

2. Although it found an absolute right to dismiss, court imposed multiple conditions based on the debtor's bad faith: a 180 day bar to refiling, use of § 349 to prevent discharge of debts in future cases, and a requirement that any cases filed after 180 days but less than three years be accompanied by a report concerning state court actions. In re Sinischo, 561 B.R. 176 (Bankr. D. Col. 2016).

3. A bad faith exception to § 1307(b) is unnecessary because "alternative remedies exist to address such behavior post-dismissal." In re Fisher, 2015 WL 1263354, * 4 (Bankr. W.D. Va. 2015) (citation omitted). Court imposed a 180 day bar to refiling under 11 U.S.C. § 109(g)(2).

4. "Even though a debtor has an absolute right to dismiss a Chapter 13 case . . . '[t]his does not mean that the debtor can use the commencement and voluntary withdrawal of [his] chapter 13 case as a tactic to harass and frustrate [his] legitimate creditors . . . and the court can impose conditions to protect against further abuse.'" In re Bolling, 609 B.R. 454, 459 (Bankr. D. Conn. 2019) (citations omitted).

Regardless of whether or not the right is absolute, Debtor's conduct in this case, and his previous cases, support the imposition of the *in rem* relief sanction. Debtor commenced this case with the bare minimum necessary for filing. He used the automatic stay to stop the foreclosure sale and six days later, dismissed his case. He did not file schedules, a chapter 13 plan, and multiple other required documents. In fact, he has not even paid the filing fee in full.[2] His actions demonstrate that he had no intent to prosecute this case.

---

2 Debtor paid $20.00 of the $310.00 fee at the time he filed and obtained an order to pay the balance in installments as follows: $80.00 by 3/19/19, $100.00 by 4/19/19, and $110.00 by 5/19/19. He did not make the payments. He paid $40.00 on 4/11/19, $20.00 on 6/14/19, $42.00 on 7/23/19, and $22.00 on 11/14/19. He still owes $166.00.

4

This case is his third use of the bankruptcy system to stop a sheriff's sale in a foreclosure case dating back to 2005. He obtained the underlying $528,500 mortgage in 2004 and defaulted in 2005. The foreclosure case was filed on October 18, 2005. The foreclosure decree was issued in state court on January 12, 2007.

In August 3, 2007, he filed a joint skeletal chapter 13 petition with his wife and stopped the foreclosure sale scheduled on August 7, 2007. He dismissed the bankruptcy case less than two months later, without filing the bulk of required documents. Although he paid $500 to the chapter 13 trustee, it was refunded to Debtor upon dismissal.

He filed another case on June 19, 2017 and stopped a sale set on June 20, 2017. Less than three months later, Debtor obtained a voluntary dismissal. He made no payments into the plan. He disclosed income of less than $50,000 per year. As the court previously summarized:

> Three chapter 13 cases over the course of twelve years that lasted less than six months. Each one stopped a scheduled sheriff's sale. And not one penny was paid to any creditors, let alone the mortgagee. Moreover, Debtor does not have sufficient regular income to address an $800,000 mortgage debt.

(Memo. of Opinion, ECF #67.) Debtor's conduct demonstrates his misuse of the bankruptcy system and is clearly sanctionable.

## II. Rule 60(b) arguments are better left to the appellate court.

Debtor creates a layered argument in contending Rule 60(b) is not applicable. In Debtor's eyes, because § 1307(b) does not provide for bad faith to serve as a basis to prevent dismissal, he argues that Rule 60(b)(3) should prevent the court from using similar facts to allow a creditor to set aside a dismissal order. The court addressed the first layer and maintains that Debtor's right to dismiss is not absolute. Because his Rule 60(b) argument is directly entwined with the validity of the court's conclusion that Debtor did not have an absolute right to dismiss his case, which is now on appeal, the court's scope of review is limited. Similarly, his argument that US Bank did not meet its burden of proof under Rule 60(b)(3) is an issue on appeal. And, as outlined above, even if the court should not have reconsidered its dismissal order, it still had authority to sanction Debtor's misconduct.

## III. Debtor continues to misunderstand the court's jurisdictional inability to review a state court decision.

Debtor again argues that estoppel principles do not prevent review of the mortgage assignment and allonge. He offers nothing new and fails to address the jurisdictional bar referenced by the court. He has not demonstrated a clear error of law.

### IV. Debtor offers nothing new to convince the court that US Bank is not entitled to relief.

Debtor has repeatedly argued US Bank has no right to relief in this court or in the state court foreclosure case. Again, the court finds Debtor has not offered anything new that convinces the court it made a clear error of law with regard to US Bank's entitlement to relief.

### V. The court is not confused.

Debtor makes multiple disingenuous statements suggesting he has been wronged. For example, he references that "the mortgagee is not before this court and has not submitted a proof of claim." Debtor ignores the fact that he dismissed his case six days after it was filed. No claims were filed as creditors likely had not even received notice of the case before his voluntary dismissal. Claims were not yet due.

He then posits that "several other alleged creditors have raised their hands as part of the Debtors (sic) petition, but the court is putting the interest of an unidentified and invisible alleged creditor before those interests." US Bank came forward, filed a notice of appearance, moved to vacate dismissal, and moved for *in rem* relief alleging it is owed $800,000+. The three other creditors involved filed unsecured claims totaling less than $6,000. Debtor was not concerned about these creditors when he dismissed his case shortly after filing.

Debtor conveniently ignores the fact that he was completely comfortable using a bankruptcy filing to stop US Bank from foreclosing on his home on February 19, 2019. Once the immediate fire was extinguished, he dismissed the case. This action exposes his disregard for the system. He did not pursue a case long enough to file a plan or an adversary proceeding to flesh out the issues he now vehemently argues. He suggests this court has prevented him from "enter[ing] into a proper Chapter 13 case." From the court's perspective, he was in a "proper" chapter 13 case in 2019, 2017 and 2007, none of which he pursued. His cases all follow a very similar pattern of using the system for his benefit with no corresponding obligations to deal fairly with his primary creditor, the mortgage holder.

### VI. Debtor was afforded due process.

Hearings were held on April 25, 2019 and September 12, 2019. Debtor had notice of US Bank's motion to vacate and motion for *in rem* relief and was provided opportunity to respond at every turn. When issues involve matters of law, evidentiary hearings are not required. As the court previously determined, Debtor's intent to hinder or delay US Bank can be inferred from his successive filings. In re GEL, LLC, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012) (citations omitted). Debtor wants an evidentiary hearing to present arguments concerning the assignment and allonge. He fails to appreciate that the court's determinations of questions of law obviate the need for an evidentiary hearing on any questions of fact.

## **CONCLUSION**

Debtor presented no new authority that convinces the court it committed a clear error of law. The court denies Debtor's motion to alter or amend his request for a stay pending appeal.

A separate order will be issued immediately.

# # #

**Service List:**

Ronald Joseph Smith
1625 Gully Top Lane
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Stephen R. Franks
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028