RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0131p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

IN RE: RONALD J. SMITH,

                               *Debtor*.

─────────────────────────────────

RONALD J. SMITH,

                               *Appellant*,

      *v.*

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATE HOLDERS OF BEAR STERNS ASSET-BACKED SECURITIES LLC ASSET-BACKED CERTIFICATE SERIES 2004-HE5,

                               *Appellee*.

No. 20-3150

─────────────

Appeal from the United States District Court for the Northern District of Ohio at Youngstown;
No. 4:19-cv-02682—Benita Y. Pearson, District Judge.

United States Bankruptcy Court for the Northern District of Ohio at Youngstown
No. 4:19-bk-40227—Russ Kendig, Judge.

Decided and Filed:  June 9, 2021

Before:  GIBBONS, KETHLEDGE, and MURPHY, Circuit Judges.

─────────────

## COUNSEL

**ON BRIEF:**  David A. Wallace, CARPENTER LIPPS & LELAND LLP, Columbus, Ohio, for Appellee.  Ronald J. Smith, Canfield, Ohio, pro se.

———————————

## OPINION

———————————

KETHLEDGE, Circuit Judge.   Among the several requirements for the rule of law is that the law be reasonably certain.  Certainty in the law is what allows citizens to plan their actions knowing that neither the state nor other individuals will interfere with them.   That same certainty is what constrains government officials to exercise their coercive powers according to rules—rather than according to their own will, which is what the Founding generation called arbitrary action, or a "government . . . of men."    John Adams, "The Constitution of Massachusetts," in *The Political Writings of John Adams* 98 (George A. Peek, Jr. ed. 1954).  And when those rules take statutory form, the courts must apply them, regardless of whether a court likes the results of that application in a particular case.  Otherwise all statutory law becomes discretionary, and the law itself is rendered uncertain.

At issue in this case is a straightforward statutory rule:  that, subject to one condition, if the debtor in a Chapter 13 bankruptcy moves to dismiss his case, "the court shall dismiss" it. 11 U.S.C. § 1307(b).   Here, on three separate occasions, Ronald Smith filed a Chapter 13 bankruptcy petition shortly before a scheduled foreclosure sale of his home—thereby preventing the sale—only to move for the dismissal of his bankruptcy case shortly afterward.   The bankruptcy court granted those motions and dismissed Smith's cases, notwithstanding his bad faith, because 11 U.S.C. § 1307(b) plainly commanded the court to dismiss them.  A few months later, however, the bankruptcy court invoked its putative equitable powers and reinstated Smith's most recent bankruptcy case.  But a court may exercise those powers only in furtherance of the Bankruptcy Code's provisions, not in circumvention of them.  The court's order here did the latter.  We reverse.

In 2004, Ronald Smith obtained a $528,500 loan to purchase a home on Gully Top Lane in Canfield, Ohio.  Smith defaulted on the loan about a year later.  The mortgage holder sued him, and a state court eventually scheduled a foreclosure sale for August 7, 2007.  But Smith filed for bankruptcy under Chapter 13 four days before the sale, thereby triggering an "automatic

stay" against any collection activity against him.  *See* 11 U.S.C. § 362(a).  After the sale date passed Smith filed a motion to dismiss his Chapter 13 case, which the bankruptcy court granted.

Smith employed the same tactic in 2017, when the state court again scheduled a foreclosure sale for his home.  Again Smith filed a Chapter 13 petition shortly before the sale, and again he successfully moved to dismiss the case after the sale was cancelled.

By early 2019, U.S. Bank had purchased the mortgage for Smith's home.  The state court scheduled a sheriff's sale for the property on February 19, 2019.  On the day of the sale, however, Smith filed a third Chapter 13 petition and obtained yet another automatic stay.  Six days later, Smith again filed a motion to dismiss his case, which the court granted.

At no point, apparently, did the bankruptcy court exercise its power to sanction Smith for filing all these bankruptcy petitions in patent bad faith.  *See* Fed. R. Bankr. P. 9011(b)(1), (c).  Nor did U.S. Bank promptly move for relief from the automatic stay, which U.S. Bank plainly could have obtained on the ground that "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors[.]"  11 U.S.C. § 362(d)(4)(B).  Instead, in June 2019, the bankruptcy court granted U.S. Bank's motion under Civil Rule 60(b) (as incorporated by Bankruptcy Rule 9024) to vacate its order dismissing Smith's most recent bankruptcy case.  The court also lifted the automatic stay in Smith's case for a period of two years.  Smith appealed to the district court, where he sought a stay of the bankruptcy court's order reinstating his case.  The district court denied that motion but certified for interlocutory appeal the question whether the reinstatement of Smith's case was contrary to law.  Our court then granted Smith leave to bring this appeal.

We review the district court's denial of Smith's motion for a stay for an abuse of discretion.  *Beacon J. Publ'g Co. v. Blackwell*, 389 F.3d 683, 684 (6th Cir. 2004).  A district court abuses its discretion when it commits a legal error.  *See United States v. Holden*, 557 F.3d 698, 703 (6th Cir. 2009).  Here, the merits concern only the legality of the bankruptcy court's June 2019 order reinstating Smith's Chapter 13 case.

The interpretive question in this case is simple.  Section 1307(b) provides in full:

> On request of the debtor at any time, if the case has not been converted [from a
> case under Chapter 7, 11, or 12], the court shall dismiss a case under this chapter

[*i.e.*, Chapter 13].   Any waiver of the right to dismiss under this subsection is unenforceable.

By its plain terms, this provision is mandatory:  upon the debtor's request, subject to one exception not applicable here (namely that the case was not converted to Chapter 13 from another chapter), the court "shall dismiss" a Chapter 13 case.  *See Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020).   The debtor's right to dismiss a Chapter 13 case comports with § 303(a), which makes clear that Chapter 13 is a "wholly voluntary alternative to Chapter 7[.]"  *Harris v. Viegelahn*, 575 U.S. 510, 514 (2015).   Meanwhile, § 1307(c) provides that, at the "request of a party in interest or the United States trustee," the court "may dismiss" a Chapter 13 case "for cause[.]"  Congress thus specified the circumstances in which a bankruptcy court "may dismiss" a Chapter 13 case, and those in which it "shall" do so.  The circumstances here were undisputedly those that mandated dismissal under § 1307(b).

U.S. Bank identifies nothing in § 1307 that renders § 1307(b) discretionary in cases where the debtor filed the bankruptcy petition in bad faith.   Instead, U.S. Bank reads the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), to effect that result.   In *Marrama*, the bankruptcy court had denied a different kind of motion under the Bankruptcy Code—namely, a debtor's motion under 11 U.S.C. § 706(a) to convert his Chapter 7 case to a case under Chapter 13.   *See id.* at 369–70.   Section 706(a) provides that "[t]he debtor may convert" a Chapter 7 case to one under Chapter 13 if (among other conditions) the debtor is eligible to be a Chapter 13 debtor.   The bankruptcy court properly denied the debtor's motion to convert, the Supreme Court held, because the debtor's bad faith could preclude him from qualifying as a debtor under Chapter 13.   *Id.* at 372–73; *see* 11 U.S.C. § 706(d).   More to the point here, the Court also stated in dictum that the bankruptcy court could have denied the motion by invoking 11 U.S.C. § 105(a), which provides bankruptcy courts with equitable power to take any action "that is necessary or appropriate to carry out the provisions of this title" or "to prevent an abuse of process."   Two other circuits have cited that dictum to hold that a bankruptcy court may deny a debtor's motion to dismiss a Chapter 13 case if the debtor filed her petition in bad faith.   *See Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647, 660 (5th Cir. 2010); *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 773–74 (9th Cir. 2008). U.S. Bank argues that we should do the same here.

But the Supreme Court itself largely rejected that dictum in *Law v. Siegel*, 571 U.S. 415 (2014). There, a unanimous Court flatly rejected the idea that § 105(a) vests in the bankruptcy courts equitable power to disregard the Code's provisions when they lead to results that seem unfair. Instead, the Court held that those powers are interstitial, meaning they "must and can only be exercised within the confines of the Bankruptcy Code." *Id.* at 421 (internal quotation marks omitted). And the Court specifically stated that, "[a]t most, *Marrama*'s dictum suggests that in some circumstances a bankruptcy court may be authorized to dispense with futile procedural niceties in order to reach more expeditiously an end result required by the Code." *Id.* at 426. The command of § 1307(b) is no mere procedural nicety, which is likely why no circuit court has accepted U.S. Bank's argument since *Law* was decided in 2014. We reject that argument here.

U.S. Bank also argues that Civil Rule 60(b)(3) authorized the bankruptcy court to vacate its dismissal of Smith's bankruptcy case. Rule 60(b)(3) (as incorporated by Bankruptcy Rule 9024) allows a court to "relieve a party" from a final order due to fraud, "misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). But "any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *United States v. Chavis (In re Chavis)*, 47 F.3d 818, 822 (6th Cir. 1995). Here, as shown above, the Bankruptcy Code directs bankruptcy courts to dismiss a Chapter 13 case on a debtor's request. *See* 11 U.S.C. § 1307(b). That command would be meaningless if a bankruptcy court could then vacate its dismissal under Rule 60(b). The district court therefore abused its discretion when it held that the bankruptcy court could reinstate Smith's Chapter 13 case under that Rule.

\*    \*    \*

The district court's order denying Smith's motion for a stay is reversed, and the case is remanded with instructions for the bankruptcy court to dismiss Smith's most recent Chapter 13 case. The bankruptcy court need not take any action to restore the status quo prior to its June 2019 reinstatement of Smith's case.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 20-3150


IN RE: RONALD J. SMITH,

    Debtor.

_____

RONALD J. SMITH,

    Appellant,

    v.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR CERTIFICATE HOLDERS OF BEAR STERNS
ASSET-BACKED SECURITIES LLC ASSET-BACKED
CERTIFICATE SERIES 2004-HE5,

    Appellee.


Before:  GIBBONS, KETHLEDGE, and MURPHY, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.

THIS CAUSE was heard on the records from the district and bankruptcy courts and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's order denying Smith's motion for a stay is REVERSED, and the case is REMANDED to the bankruptcy court for further proceedings consistent with the opinion and instructions of this court.

**ENTERED BY ORDER OF THE COURT**


_____

Deborah S. Hunt, Clerk